IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

Ginny L.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,[2]

    Defendant.

Case No. 2:17-cv-01235-AA
**OPINION AND ORDER**

AIKEN, District Judge:

    Plaintiff Ginny L. brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Supplemental Security

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Nancy A. Berryhill's term as the Acting Commissioner of the Social Security Administration (SSA) ended on November 17, 2017, and a new Commissioner has not been appointed. The official title of the head of the SSA is the "Commissioner of Social Security." 42 U.S.C. § 902(a)(1). A "public officer who sues or is sued in an official capacity may be designated by official title rather than by name." Fed. R. Civ. P. 17(d). This Court, therefore, refers to defendant only as Commissioner of Social Security.

Page 1 – OPINION AND ORDER

Income ("SSI") and Disability Insurance Benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

## BACKGROUND

On July 24, 2013, plaintiff filed for DIB with a date last insured of December 31, 2017. On December 23, 2013, plaintiff filed an application for SSI. In her applications, plaintiff alleged disability beginning on July 3, 2012 due to a combination of physical and mental impairments, including depression, anxiety, PTSD, chronic pain, fibromyalgia, and spinal stenosis.

Her claims were denied initially on March 5, 2014 and upon reconsideration on August 1, 2014. On August, 12 2014, plaintiff filed a written request for hearing before an Administrative Law Judge ("ALJ"). An administrative hearing was held on May 31, 2016, where plaintiff was represented by counsel. Plaintiff and a vocational expert ("VE") offered testimony. The ALJ found plaintiff not disabled in a written decision issued on January 30, 2017. After the Appeals Council denied review, plaintiff filed the present complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the ALJ's decision unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Harmless legal errors are not grounds for reversal. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and internal quotation marks omitted). The court must evaluate the complete record and weigh "both the evidence that supports and the evidence that

detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, The plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of July 3, 2012. Tr. 19. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *id.* §§ 416.920(a)(4)(i), (b). At step two, the ALJ found that plaintiff had severe impairments of "fibromyalgia, degenerative disc disease, depressive disorder, and anxiety disorder." Tr. 19. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *id.* §§ 416.920(a)(4)(ii). At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 20. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); *id.* §§ 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); *id.* § 416.920(e). The ALJ found that plaintiff

has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, and scaffolds. She can perform simple routine tasks, in a routine work environment with only superficial interaction with coworkers and the public.

Tr. 23. At step four, the ALJ found that plaintiff was "capable of performing past relevant work as a cashier II" and thus was not disabled under the Act. Tr. 32 As an alternative finding, the ALJ proceeded to step five and determined plaintiff could perform other jobs existing in significant numbers in the national economy such as cleaner (DOT# 323.687-014), assembler (DOT# 706.687-010), packing-line worker (DOT #753.687-038). Tr. 34. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1). Accordingly, the ALJ found that plaintiff was not disabled and denied her application for benefits. *Id.*

## DISCUSSION

Plaintiff raises five assignments of error on appeal. She contends that the Commissioner erred in: (1) failing to properly credit certain medical opinion evidence; (2) improperly rejecting some of plaintiff's impairments as non-severe at step two, (3) improperly evaluating lay witness statements, (3) improperly evaluating plaintiff's subjective symptom testimony, and (5) failing to conduct adequate analysis and Steps Four and Five. The Court addresses each issue in turn.

I. *Medical Opinion Testimony*

Plaintiff first argues that the ALJ improperly rejected the opinions of (1) Rodrigo Lim, MD, plaintiff's treating physician, (2) examining physician Kenneth Dudley, Ph.D, (3) State Disability Determination Services ("DDS") consultants Richard Alley, M.D. and Edwin R. Holmes, Psy. D., and (4) Sandra Murphy, LCSW.

There are three types of medical opinions in Social Security disability cases: those of treating, examining, and reviewing physicians. *Holohan v. Massanari*, 246 F.3d 1195, 1201-02

(9th Cir. 2001). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* at 1202, accord 20 C.F.R. § 404.1527(d). Accordingly, if a treating physician's medical opinion is not inconsistent with other substantial evidence in the record, and is supported by medically acceptable clinical findings, the treating physician's opinion is given controlling weight. *Id.*; 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

"Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons." *Lester*, 81 F.3d at 830. "The ALJ must explicitly reject medical opinions, or set forth specific, legitimate reasons for crediting one medical opinion over another." *Id.* at 1012 (citing *Nguyen v. Chafer*, 100 F.3d 1462, 1464 (9th Cir. 1996)). An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Id.* at 1013. "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725).

In other words, "[t]he ALJ must do more than offer his conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." See *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). "[T]he consistency of the medical opinion with the record as a whole" is a relevant consideration in

weighing competing evidence. *Orn*, 495 F.3d at 631. Finally, "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Lester v. Chafer*, 81 F.3d 821, 832 (9th Cir. 1996) (internal quotation marks and citations omitted). A physician's opinion should be considered when it relates to the period before the claimant's DLI and before the ALJ's decision is rendered. See *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011) (citing 20 C.F.R. § 404.970(b)).

    A.    *Opinion of Dr. Rodrigo Lim.*

Plaintiff first objects to the ALJ's decision to give "little weight" to the 2014 from Dr. Lim. The ALJ rejected Dr. Lim's limiting statements that "the patient should be permanently disabled. She cannot pull, push, carry objects more than 5-10 pounds and cannot walk more than 100 to 200 feet without causing significant symptoms for her low back." Tr. 30. The Court finds that ALJ provided specific and legitimate reason for discounting these limitations. The ALJ noted that limitations were function by function and not adequately explained. Moreover, the Dr. Lim did not conduct any special testing to substantiate the limitations. She also noted that the limitations where primarily based on the plaintiff's subjective reports, which the ALJ found to be not credible. Indeed, some of the limitations are contradicted by other medical and lay reports in the record. Finally, the ALJ rightly noted that the ultimate question of whether a person is disabled is reserved for the Commissioner alone. Thus, because the evidence is susceptible to more than one interpretation and the ALJ provided specific and legitimate reasons, her decision to give the opinion of Dr. Lim little weight must be upheld.

    B.    *Opinion of Kenneth Dudley, Ph.D.*

Plaintiff next argues that the ALJ erred in only giving "some/partial weight" to Dr. Dudley's opinion who performed a psychodiagnostics of examination her on February 7, 2014.

The Court finds no error in the ALJ's analysis of Dr. Dudley's opinion. Dr. Dudley did opine that plaintiff's ability on tasks of sustained attention would show a moderate deficit at "at worst" and that plaintiff would have "moderate to serve impairment at worst" when it came to social interaction." Tr. 30, 390. The Court is not persuaded that, as plaintiff suggests, this is the standard for determining plaintiff's RFC. Rather, the ALJ did include some limitations recommended by Dr. Dudley. She concurred with Dr. Dudley that plaintiff could "understand, recall, and act on simple commands without impairment." Tr. 30. She noted that plaintiff does have some moderate limitations in interacting with others and in concentration, persistence and pace and included in the RFC that plaintiff was limited to "only superficial interaction with coworkers and the public." As for the other limitations, the ALJ provided specific and legitimate reasons for discounting them. The ALJ noted inconsistency with the medical record and that Dr. Dudley relied heavily on plaintiff's subjective reports which were found to not be credible. Thus, the Court finds that the ALJ did not err in her analysis of Dr. Dudley's opinion evidence and her use of it in formulating plaintiff's RFC.

C. *Opinion of DDS Physcians*

The ALJ gave "great weight" to the Opinions Dr. Alley and Dr. Holmes. Tr. 29. Plaintiff complains that despite this finding, the ALJ failed to include a limitation for only occasional and brief contact with the public noted by these physicians. As the Commissioner notes, Dr. Holmes opined that while plaintiff should be limited to "occasional and brief contact w[ith] the public or coworkers" but "can interact appropriately w[ith] others during routine and superficial encounters." Tr. 113. As has been observed previously, the ALJ did limit plaintiff to "only superficial interaction with coworkers and the public." Tr. 23. The Court finds that this was a

rational translation of the medical evidence into the RFC. Thus, the ALJ did not err in her analysis of this opinion.

D.   *Opinion of Sandra Murphy, LCSW*

Ms. Murphy is not an acceptable medical source under 20 C.F.R. § 416.913. Thus, her opinions were not entitled to special weight. The ALJ may discount testimony from "other sources" if the ALJ "'gives reasons germane to each witness for doing so.'" *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir.2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.2001)).

Plaintiff argues that the ALJ improperly rejected Ms. Murphy's Opinion on the basis that she was not an acceptable medical source and that she overstated plaintiff's social interaction limitations. However, review of the record shows that the ALJ did not reject the opinion on the basis that Ms. Murphy was not an acceptable medical source. Rather, the ALJ pointed out the limitations were inconsistent with Ms. Murphy's treatment notes, the record as a whole, and plaintiffs own reported activities. All of these are germane reasons to discount other source opinions. Thus, the ALJ did not err in her analysis of Ms. Murphy's opinion evidence.

II.   *Step Two Impairments*

The ALJ found that plaintiff suffers from the sever impairments of fibromyalgia, degenerative disc disease, depressive disorder and anxiety disorder. Tr. 19. Plaintiff argues that the ALJ committed harmful legal error in failing to include as severe impairments: post traumatic stress disorder, borderline bipolar disorder, peripheral neuropathy and hypothyroidism, bilateral carpal tunnel syndrome radiculopathy, and obstructive lung disease.

At step two, a claimant must make a threshold showing that he or she has medically determinable impairments that significantly limit his or her ability to perform basic work activities.

*See Bowen*, 482 U.S. at 145; 20 C.F.R. § 404.1520(c). "[T]he step two inquiry is a *de minimis* screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

To establish the existence of a medically determinable impairment, the claimant must provide medical evidence consisting of "signs—the results of 'medically acceptable clinical diagnostic techniques,' such as tests—as well as symptoms," a claimant's own perception or description of his or her physical or mental impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir.2005). A claimant's own statement of symptoms alone is *not* enough to establish a medically determinable impairment. *See* 20 C.F.R. § 404.1508.

An impairment or combination of impairments is "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (emphasis in original). The ALJ is required to consider the combined effect of all of the claimant's impairments on his or her ability to function. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Thus, if the ALJ determines that a claimant has a severe impairment at step two, the sequential analysis proceeds and the ALJ must continue to consider all of the claimant's limitations, severe or not. SSR 96-9p, 1996 WL 374184 (July 2, 1996).

Because the ALJ decided Step two in plaintiffs favor, any alleged error in failing to classify impairments as severe is harmless. *Buck v. Berryhill*, 869 F. 3d. 1040, 1049 (9th Cir. 2017). The ALJ continued in the sequential process considering all of plaintiff's impairments in longitudinal record whether they were classified as severe or not. Thus, the ALJ did not commit reversable error at Step Two.

/ / /

III. *Lay Witness Statements*

Plaintiff next challenges the ALJ's decision to give "little weight" to the third party function report submitted by plaintiff's son, Tony L. The ALJ found that statement "seemed merely to reiterate some of the claims subjective allegations, which were not entirely credible" and the limitations alleged by her son "we not entirely consistent with clinical observations of medical professionals." Tr. 32

Lay witness testimony regarding the severity of a claimant's symptoms or how impairment affects a claimant's ability to work is competent evidence that an ALJ must consider. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). In order to reject such testimony an ALJ must provide "reasons that are germane to each witness." *Rounds v. Comm'r*, 807 F.3d 996, 1007 (9th Cir. 2015). Further, the reasons provided must also be "specific." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011).

Here, the ALJ carefully considered the report and gave a germane reasons, specific to the statement, for giving it little weight. Namely, the ALJ cited that this report was inconsistent with the medical evidence in this case, which is a germane reason for discrediting lay testimony. *Bayliss v. Barnhart*, 427 F. 3d 1211, 1218 (9th Cir. 2005) Thus, the Court finds no harmful error.

IV. *Subjective Symptom Testimony*

Plaintiff next argues that the ALJ erred finding plaintiff's subjective testimony "not entirely consistent with the medical evidence and her symptoms not severe enough to preclude all employment." Tr. 29

When a claimant's medically documented impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, the ALJ must provide "specific, clear and convincing reasons" for

rejecting the claimant's testimony regarding the severity of her symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). A general assertion the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engaged in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here the ALJ performed an extensive analysis of plaintiff's subjective symptom testimony finding inconsistencies in the medical records and the plaintiff's own reports. An ALJ may also consider a claimant's "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. SSA*, 119 F.3d 789, 792 (9th Cir. 1997).

First, the ALJ examined inconsistencies in the medical treatment record. Although "subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 404.1529(c)(2). The ALJ identified both positive and negative findings as well as indications of improvement with treatment from Dr. Rice. Tr. 24-25 The ALJ also pointed to indications in record that her symptoms were well managed with medications, and that plaintiff's requests for higher doses of pain medication were "contraindicated." Tr. 25 The

Page 11 – OPINION AND ORDER

ALJ also noted evidence in the record that plaintiff's mental impairment symptoms seemed to be exacerbated by situational stressors and showed improvement with "medications and cognitive behavioral therapy techniques." *Id.*

The ALJ also relied on the fact that the plaintiff's activities of daily living "were not limited to the extent one would expect giver her complains of disabling symptoms and limitations." Tr. 26. For example, plaintiff alleged that she was constantly in pain, could only sit for one or two minutes, stand for ten or 15 seconds and walk two four minutes, Tr. 27. However, the ALJ also reviewed evidence that plaintiff cares for herself, cooks, cleans, drives in town, drives long distances, shops, cares for her dog and walks it twice a day, watches television, spends time with family, goes to church on most Sundays. Tr. 26. The ALJ also noted the statement from the consultative physician who opined that "observed function is much better than her stated function." Tr. 27, 379.

The ALJ also relied on the fact that plaintiff received unemployment benefits during the relevant period, and plaintiff indicated in her application for unemployment benefits that she was available and able to work. Tr. 28. These benefits lasted from her termination from her previous job through August 2013. The Ninth Circuit has held that "[c]ontinued receipt of unemployment benefits does cast doubt on a claim of disability, as it shows that an applicant holds himself out as capable of working." *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) Further, plaintiff testified that when she moved from Nevada to La Grande, Oregon, she applied for work in the area, though she was not hired. The Court notes that the ALJ provided other adequate reasoning to find plaintiffs statement not entirely credible.

The ALJ also made mention of the fact that plaintiff admitted to daily marijuana use for chronic pain. Tr. 28. However, it does not appear that ALJ relied on this fact as the sole reason

Page 12 – OPINION AND ORDER

to find the plaintiff's statements not credible. Rather, as is detailed above and in the record, the ALJ relied on the inconsistencies in plaintiff's own subjective reports, the medical evidence, plaintiffs activities of daily living, and the fact that she sought out work and receive unemployment benefits during the relevant period as reasons to discount her subjective complaints. When the evidence in a case is subject to more than one rational interpretation, the Court must uphold the ALJ's findings "if they are supported by inferences reasonable drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012) (citations omitted).

Based on this record, the Court finds that the ALJ did not err in discrediting Plaintiff's statements related to the intensity, persistence, and limiting effects of his symptoms. The ALJ did not arbitrarily discredit plaintiff and provided clear and convincing reasons for disregarding Plaintiff's testimony.

V. *Step 4 and 5 Analysis*

Finally, plaintiff alleges the ALJ erred in determine that she could perform past relevant work as Cashier II, and that the ALJ relied on an improper hypothetical to VE in her Step Five analysis. The Court has already found that the ALJ did not err in her analysis of the plaintiff's subjective symptom reports, medical opinion evidence, and the lay witness testimony. Further the ALJ made specific factual findings that plaintiff could perform past relevant work as Cashier II based on the medical record, plaintiff high school education and history of semi-skilled work. Thus, the Court does not find plaintiff's reliance *Zavalin v. Colvin* 778 F. 3d 842 (9th Cir. 2015) to be persuasive in this case. However, the record also supports the ALJ's alternative findings at Step Five, meaning that any error at Step Four is harmless.

/ / /

/ / /

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision is AFFIRMED. Accordingly, this case is dismissed.

IT IS SO ORDERED.

Dated this 30th day of March, 2019.

_____
Ann Aiken
United States District Judge